UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**TERRY PEET**                           :            DOCKET NO. 16-cv-626

**VERSUS**                               :            JUDGE MINALDI

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.**               :            MAGISTRATE JUDGE KAY

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand [doc. 9] and Amended Memorandum [doc. 21] in support thereof filed by plaintiff Terry Peet ("Peet") in response to a Notice of Removal [doc. 1] filed by defendant State Farm Mutual Automobile Insurance Company ("State Farm"). State Farm opposes the motion. Docs. 16, 25. For reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand be **DENIED**.

**I.
BACKGROUND**

This matter arises from Peet's alleged constructive discharge by State Farm. Doc. 1, att. 1, pp. 4–6. Peet was a twenty-two year employee of State Farm, where he worked as a claims representative. *Id.* at 5. On August 31, 2015, he was told that his position was being eliminated. *Id.* He alleges that he was offered a position in a different department which would require him to adjust claims under state-specific laws with which he had no familiarity.[1] *Id.* He also asserts that State Farm intentionally failed to put a transition plan into place in order to avoid its monetary

---

[1] The complaint states that "[w]orking in [this department] was going to require Mr. Peet to adjust claims in states **with which he had familiarity** with the state-specific laws applicable to insurance adjustment." Doc. 1, att. 1, p. 5 (emphasis added). However, in light of the differing description of the job from the brief in support of Peet's Motion to Remand [see doc. 9, att. 1, p. 2], this appears to be an error.

obligations under State Farm's severance payment plans. *Id.* at 5–6. Peet seeks payment of severance benefits from State Farm and damages for age discrimination. *Id.* at 6.

State Farm removed the case to this court on May 6, 2016. Doc. 1. In the Notice of Removal it alleged federal question jurisdiction through the plans' qualification[2] as employee benefits plans under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and diversity jurisdiction. *Id.* at 1. Peet now moves to remand, asserting that both bases for federal jurisdiction fail. Docs. 9, 21.

## II.
### LAW & ANALYSIS

The first issue before this court is whether subject matter jurisdiction is established by the existence of a federal question owing to the alleged qualification of defendant's severance payment plans as an employee welfare benefits plan under ERISA.

Any civil action brought in a State court of which the United States district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 107 S.Ct. 1542, 1546 (1987). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "If the right to remove is doubtful, the case should be remanded." *Case v. ANPAC Louisiana Ins. Co.,* 466 F.Supp.2d 781, 784 (E.D. La. 2006).

---

[2] Peet now appears to admit that only the involuntary severance plan is relevant to his case, as he maintains in his amended memorandum that he is only entitled to damages under that plan. Doc. 21, p. 3. However, the pleadings here name both plans, which are in most respects identical. Therefore we look to both plans for the sake of determining federal question jurisdiction.

In certain cases, a federal statute's "preemptive force" can be great enough to convert a claim brought under state law when Congress has acted with the requisite intent. *Kramer v. Smith Barney*, 80 F.3d 1080, 1082–83 (5th Cir. 1996) (citing *Metropolitan Life Ins. Co.*, 107 S.Ct. at 1547). Such is the situation when a state claim relates to an employee benefit plan covered by ERISA, which includes under 29 U.S.C. § 1002(1) plans that provide "benefits in the event of . . . unemployment."[3] *See, e.g.*, *Whittemore v. Schlumberger Technology Corp.*, 976 F.2d 922, 923 (5th Cir. 1992); *Epps v. NCNB Tex.*, 7 F.3d 44, 45 (5th Cir. 1994); *Wilson v. Kimberly-Clark Corp.*, 254 Fed. App'x 280, 282–84 (5th Cir. 2007) (unpublished) (all upholding federal preemption of state law claims against severance packages found to qualify as employee benefit plans under ERISA).

Not every severance package invokes ERISA. Plaintiff relies heavily on *Fort Halifax Packing Co. v. Coyne*, 107 S.Ct. 2211 (1987), which involved the guarantee of a one-time payment to employees in the event that the defendant plant closed. There the Court distinguished a plan from other benefits programs by the presence of an administrative scheme, reflecting Congress's intent with ERISA of providing a uniform set of rules for governing their administration and protecting them from abuse. *Id.* at 2218–20. Under the *Fort Halifax* precedent, the Fifth Circuit has held that other severance packages do not qualify as employee benefit plans under ERISA where there is no administrative scheme, commonly based on cases where the simplicity of eligibility determinations, benefits calculations, or dispensation of those benefits negates the need for administrative oversight or discretion. *E.g.*, *Fontenot v. N.L. Indus., Inc.*, 953 F.2d 960, 962

---

[3] Plaintiff's counsel acknowledges that she litigated this issue before in reliance on the same line of cases in *Thibodeaux v. Trunkline Gas Co.*, No. 15-cv-1755, 2015 WL 5159077 (W.D. La. Aug. 31, 2015). There we found that the severance agreement at issue qualified as an employee benefit plan invoking federal question jurisdiction under ERISA. *Id.* Plaintiff's counsel alleges, however, that the plan in *Trunkline* differs from the ones at issue here ny the level of administrative scheme required. Doc. 21, p. 4 n. 1.

(5th Cir. 1992); *Wells v. Gen. Motors Corp.*, 881 F.2d 166, 175–76 (5th Cir. 1989); *Peace v. Am. Gen. Life Ins. Co.*, 462 F.3d 437, 440–41 (5th Cir. 2006).

As State Farm notes and the Fifth Circuit recently summarized, Fifth Circuit jurisprudence remains focused on this distinction, allowing severance plans to qualify as employee benefit plans under ERISA through numerous potential features:

> It is thus the existence or nonexistence of an "ongoing administrative program" that is the key determinant of whether severance plans are governed by ERISA. Even for plans that result in only a lump-sum payment, that administrative scheme can be found in a number of other features that require discretion: the eligibility determination; calculation of the payments amount (such as deductions and detailed formulas); the provision of additional services beyond the severance payment (such as insurance); and the establishment of procedures for handling claims and appeals.

*Gomez v. Ericsson, Inc.*, ___ F.3d ____, 2016 WL 3669965, *3 (5th Cir. Jul. 8, 2016) (internal citations omitted).[4] State Farm contends that the plans at issue here share features described as indicative of an administrative scheme.

State Farm's voluntary and involuntary severance payment plans ("the plans") provide for severance payments, based on salary and years of service, for qualifying terminations. Doc. 1, att. 2, pp. 2–3; doc. 1, att. 3, pp. 2–3. They also designate a plan administrator and claim and appeals procedure. Doc. 1, att. 2, pp. 3–4; doc. 1, att. 3, pp. 3–4. The plan administrator

> has the power to make all reasonable rules and regulations required for administration of the Plan and for the conduct of its affairs, to make all determinations that the Plan requires for its administration, and to construe and interpret the Plan whenever necessary to carry out its intent and purpose and to facilitate its administration.

---

[4] Peet also contends that the plan must be between "**an employee** and an employer," quoting from *Aguirre-Santos v. Pfizer Pharmaceuticals, LLC*, 2013 WL 5724061, *2 (D.P.R. Oct. 21, 2013) (unpublished). Thus, he appears to argue, severance plans cannot qualify when the employee receives a lump sum payment because there is no ongoing administration between that employee and the employer. Doc. 26, p. 2. Peet's interpretation of this phrase contradicts the Fifth Circuit's consideration of lump sum severance plans in *Gomez*, *supra*. The relevant federal statute does speak of employees in the singular. 29 U.S.C. § 1003. However, it is a well-settled principle of legal draftsmanship, noted in the United States Code, that the singular is interpreted to include and apply to the plural, "unless the context indicates otherwise." 1 U.S.C. § 1. Peet indicates no such context within ERISA. Therefore this argument holds no persuasive value.

Doc. 1, att. 2, p. 4; doc. 1, att. 3, p. 4. Peet alleges that there is no actual exercise of discretion, as a State Farm document relating to the severance plans provides strict definitions of the terms underlying eligibility determinations by defining what constitutes a "reasonable job offer." *See* doc. 9, att. 2, p. 3. However, this definition does not contradict the plan administrator's other functions and abilities. It also appears to leave discretion to the plan administrator in determining reasonableness in terms of job skill requirements, the issue in this case. Furthermore, the document on which Peet relies notes other areas where administrative support and discretion may be required, including the existence of an appeal process. *Id.* at 5–6. Accordingly, as State Farm contends, the plan appears to require sufficient administrative support to qualify as employee benefits plans under ERISA and bestow federal jurisdiction on this case. Having determined that federal question jurisdiction exists, we will not reach the arguments on diversity jurisdiction.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion to Remand [doc. 9] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 22 August 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE